The opinion of the Court was delivered by
Glover, J.
Until the cases of King vs. Boston, (7 East, 481,) and Cook vs. Rhine, (1 Bay, 16,) the remedy for a breach of covenant or warranty, both in England and in this State, was a cross action. A more equitable rule has since obtained which is justified by its practical convenience, and a deficiency in quantity or a defect in quality or title, may now be relied upon, either in abatement of the price stipulated or in a recission of the contract in toto.
■ In this case the defendant showed a partial failure of consideration, and if his defence be a set-off, it is barred by the statute of limitations, and cannot be offered in discount to the plaintiff’s cause of action. There are dicta which expressly maintain, that a failure of consideration, as matter of defence, is embraced within the terms of our discount law, (Cook vs. Rhine) and support the ruling of the circuit Judge.
In one of the earliest cases (Gray vs. Handkinson, 1 Bay, 278) the court said, that the jury ought to make such a reasonable abatement as would make the party whole for any injury he might sustain on account of the deficiency or defect. Con-cook, J., (Adams ads. Wylie, 1 N. & McC., 78,) uses this language — such defences are daily admitted by our courts. It may have been originally a departure from the strict rules of a court of law; but from the time of the case of Gray vs. *115 Handkinson, it has never been disputed. Commenting on the ease of Adams ads. Wylie, O’Neal], J., says, It was not the case of a discount properly so called. (Johnson vs. Wideman, Rice, 325.) In a laté case (Mondel vs. Steel, 8 Meeson & Wels. Exchq. R., 858) Parke, B., after reviewing the English practice, proceeds: It is competent for the defendant, in all such cases, not to set-off by a proceeding in the nature of a cross-action, the amount of damages which he has sustained by breach of the contract, but simply to defend himself by showing how much less the subject matter of the contract was worth by reason of the breach of .the condition.
The better opinion, therefore, is that a failure of consideration is not a matter of defence within the provisions of the discount law; but analogous to it in character, and is embraced within that species of defence called recoupment, (Barb, on Law of Set-off, 26,) the purpose of which is to reduce the plaintiff’s damages for the reason, that he himself has not complied with the cross obligations arising under the same contract. It is an equitable defence, superseding the necessity of a cross-action by the defendant, whose plea is, that to the extent of the diminution in value, by reason of the breach of warranty, the contract was void ah initio, and by a parity of reason, where there is a total failure of consideration, it may be shown in bar of the action. Such a defence grows out of the contract itself, which is the cause of action, and is not barred by the statute of limitations. It would be manifestly unjust to permit the vendor to enforce a subsisting contract, and deny to the purchaser, from lapse of time, a defence involving the validity of it at its inception.
In cases of cross demands, accruing about the same time, both barred by the statute, and the plaintiff has saved the statute by suit, but the defendant has not, the defendant’s discount has nevertheless been allowed: and Lord Kenyon sustaining the set-off, says: It would be the highest injustice to allow one to have an operation by law and not the other. (Ord *116 vs. Ruspini, 2 Esp. R. 569.) It was held in tbe case of Morrow vs. Hanson, (9 Georgia, R. 398) where a total failure of consideration was pleaded, that the plaintiff could not avoid this defence by insisting on the statute of limitations, although more than four years had elapsed from the time of the warranty. A partial failure is within the reason of the rule, and, pro tanto, the consideration has failed. If this defence is barred by the statute, the plaintiff will recover the value of fifty-five acres of land, which their intestate never conveyed.
Motion granted.
WARD law, Withers and Whither, JJ., concurred.

Motion granted.